## Case No. 6,105.

HARRIMAN et al. v. MAXWELL.

[3 Blatchf. 421.] [1]

Circuit Court, S. D. New York. Jan. 23, 1856.

CUSTOMS DUTIES — RECOVERY OF MONEY PAID TO INSPECTOR — UNDERVALUATION — APPRAISEMENT.

1. The case of Corkle v. Maxwell [Case No. 3,231], cited as decisive against the claim of the plaintiffs in this case to recover back monies paid by them to the collector for the services of an inspector of the customs at their private bonded cellar.

2. Where it is not shown by either the invoice, the entry, or the protest, that the goods imported were purchased, it is lawful for the collector to have them appraised at their value abroad at the time of their shipment, and to collect duties on such value, and to impose any consequent

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

penalty for undervaluation, although, in fact, the goods were purchased at the price in the entry, and such price was their fair market value abroad at the time of their purchase. The case of Crowley v. Maxwell [Id. 3,449], cited and approved.

3. Where, on an entry of goods by their consignee, he presented, as a true invoice, one sent to him by their owner, and swore to it, and the collector directed the appraisers to value the goods as of the time of their shipment, and the consignee, before the appraisement was made, applied to the collector to amend the entry, by adding, to the price set down in it, an amount sufficient to raise the goods to their fair market value abroad, "in order to avoid the penalty," which was refused, held, that it was lawful for the collector to so refuse, and to impose duties on the value ascertained by the appraisers, and a consequent penalty for undervaluation.

4. The distinction shown between this case and that of Carnes v. Maxwell [Id. 2,417].

5. No error in judgment on the part of appraisers can be revised by this court.

This was an action against [Hugh Maxwell], the collector of the port of New York, to recover back certain sums of money paid to him by the plaintiffs [William Harriman and others]—first, for the attendance of an inspector of the customs at the private bonded cellar of the plaintiffs, in New York; second, for duties, and a penalty for undervaluation, on certain wines, imported in the Argo, from Havre, in the spring of 1849; and, third, for duties, and a penalty for undervaluation, on certain bleaching powders, imported in the Centurion, from Liverpool, in the summer of 1850.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

INGERSOLL, District Judge. The questions involved in the claim to recover back the money paid for inspector's services at the bonded cellar of the plaintiffs, were considered and decided in the case of Corkle v. Maxwell [supra]. It was there decided, that, upon facts such as exist here, there could be no recovery against the collector. For the reasons set forth in the opinion given in that case, this claim must be disallowed.

The wines imported in the Argo were purchased by the plaintiffs at Rheims, in France, in the spring of 1849, but at what particular time does not appear. They were shipped from Rheims for Havre, on the 29th of May, 1849, and, at the latter port, they were shipped in the Argo, for New York, where they were entered for the payment of duties on the 2d of July, 1849. They were purchased at the price set down in the entry, which price was the fair wholesale market value thereof, at the time of purchase, in the principal markets of France, and were appraised by the appraisers, as of the time when they were shipped at Havre, at a greater value than that set down in the invoice. Duties were imposed and paid upon the value as appraised by the appraisers, and a penalty for undervaluation was also

imposed and paid. These payments were made under protest. The protest was written on the entry, and was as follows: "We hereby protest paying the additional duty, and the fine as appraised by the appraisers, the invoice value being correct." It did not appear by the entry that the wines had been purchased by the plaintiffs, or how or when they were procured. The protest did not show that they had been purchased. There was no document in the custom-house to show they had been purchased. The protest did not claim any irregularity in the appraisal.

The questions presented on this branch of this case were considered and decided in the case of Crowley v. Maxwell [supra]. For the reasons given in the opinion in that case, the protest in this case would not be sufficient to enable the plaintiffs to recover, even if there had been an irregularity in the appraisal. But the appraisal was regular. At the time it was made, the collector had no knowledge or information of the time when the wines were purchased. Therefore, he could not have them appraised as of the time when they were purchased. Indeed, the proof does not now show the exact time when they were purchased. This item of claim, therefore, must be disallowed.

Upon the importation of the bleaching powders, they were entered at the custom-house for the payment of duties, and a value was set down in the entry, which corresponded with the value set down in the invoice produced and sworn to. The collector gave directions to the appraisers to have the value ascertained as of the time when they were shipped. The plaintiffs were not the owners of the goods, but the consignees merely. The owner of the goods lived in Liverpool, and transmitted the invoice which was presented at the custom-house, as a true invoice. One of the plaintiffs made oath, when the entry was made, that the invoice presented to the collector was the true and only invoice which he had received of the goods, and that that invoice exhibited the actual cost or fair market value of the goods at Liverpool, from which port they were shipped, according to his best knowledge and belief. After the entry had been made and sworn to by one of the plaintiffs, and after the appraisers had been directed to appraise the goods, but before they had actually made their appraisement, the plaintiffs applied to the collector to amend the entry, by adding, to the price set down in it, an amount sufficient to raise the goods to the fair market value abroad, in order to avoid the penalty. They did not name the amount to which they wished the value raised. This the collector refused. No other invoice was received by the plaintiffs than the one presented to the collector, and there was no claim made by them that the price carried out in the invoice, or in the entry as made, was by mistake. They asked for no delay

on account of any mistake made by the owner in his invoice, that a correct one might be obtained from him in Liverpool. Indeed, they now claim, by their protest, that there was no error in the invoice, as made and presented to the collector, and that the same was correct. All that they asked was, that they might be permitted to amend the entry which they had made, they having been misled by the invoice which the owner had furnished, by adding, to the price set down in it, an amount sufficient to raise the goods to the fair market value abroad, in order to avoid the penalty. The duties were charged and paid upon the value as ascertained by the appraisers, and the penalty, by way of additional duty, was also paid. The payment was accompanied by a protest, as follows: "The additional duty and penalty on the within entry, we hereby pay under protest, the invoice being correct, and also because we applied to collector to correct our entry, or raise value, before the permit was delivered to the officer on board ship, and before the goods had been seen by the appraisers."

There was no error or improper conduct on the part of the collector in what he did, which the plaintiffs can complain of. What he did was in pursuance of law, and of his duties as collector. The money paid was of right demanded. The invoice which was presented to the collector was furnished by the owner of the goods, at Liverpool, to be so presented. The entry corresponded with the invoice, as the owner intended it should. There was no honest mistake or error in the invoice. It is to be presumed, until the contrary appears, that the owner intended to do what he actually did. He intended, therefore, to make the invoice, and have it presented to the collector, as he did make it, and as it was presented. The appraisers found that the goods contained in that invoice were undervalued. When the plaintiffs applied to the collector to be permitted to raise the prices in the entry, so that the increased duty, by way of penalty, might be avoided, they did not pretend that the invoice or entry had been made out differently from what the owner intended. This case bears no analogy to the case of Carnes v. Maxwell [Case No. 2,417].

It is also claimed by the plaintiffs, that the original invoice was correct, and that the appraisers, in raising the value of the goods, as set down in the invoice, erred in judgment. No alleged error in judgment of the appraisers, if any error there were, can be inquired into or revised by this court. This item of the plaintiffs' claim must, therefore, be disallowed. Judgment for defendant.

HARRIMAN (SCHULENBERG v.). See Case No. 12,486.

HARRIMAN (UNITED STATES v.). See Case No. 15,311.